## CIRCUIT COURT OF CLARKE COUNTY

In re Annual Settlement of Accounts
of William A. Johnston,
Trustee, etc. for Mae Jenkins

May 28, 1981

By JUDGE ROBERT K. WOLTZ

This is a dispute between William A. Johnston, Trustee (hereinafter fiduciary) and the Commissioner of Accounts of this Court as to the proper fee to be charged by the latter for settlement of annual accounts of his trust estate filed by the former.

Under the provisions of § 26-8, Code of 1950, so many Commissioners as may be necessary are appointed by the Judges of each Circuit Court, and the Commissioners:

> shall have a general supervision of all fiducia-
> ries admitted to qualify in such court or before
> the clerk thereof and make all ex parte settle-
> ments of their accounts.

Such Commissioners for the performance of their statutory duties shall receive fees the same as allowed to Commissioners in Chancery, § 26-24. By § 14.1-133, provision is made that Commissioners in Chancery receive the same fees as Notaries for the same service. Notaries may perform, and "for any other service such fees as the Court by which the Commissioner is appointed may from time to time prescribe."

Schedules of fees for Commissioners of Accounts have been approved and in effect in a portion or all of the Courts of this Circuit for at least the last thirty-five to forty years. After the extensive reorganization of the Court system by the General Assembly in 1973, as of July 1 of that year the former Seventeenth Judicial

Circuit consisting of the Circuit Courts of Clarke, Frederick, Shenandoah and Warren Counties, the former Twenty-Fifth Judicial Circuit consisting of the Circuit Courts of Page and Rockingham Counties and the former Corporation Court of the City of Winchester were consolidated into the present Twenty-sixth Judicial Circuit, Acts 1973, c. 544. Uniformity in the fees to be charged by Commissioners of Accounts and Commissioners in Chancery in all the Courts of the Circuit seemed advisable to the Judges thereof. To this end the Commissioners of Accounts were asked to act as a committee and make recommendation on a uniform schedule of fees for services rendered by them and services rendered by Commissioners in Chancery.

Final report of the Commissioners was presented to the Judges of the Circuit in October of 1976. The Circuit Judges informed the bars of the Circuit concerning the proposed fee schedule and solicited comment from the profession. Very little or no response being received to the solicitation, by Circuit Order of April 18, 1977, the uniform fee schedule was made effective as of July 1, 1977, until March 31, 1979.

The schedule was intentionally made effective for a limited period of time in order that experience with its application might be gained, and as a result of that experience the Commissioners, members of the bar and fiduciaries might present matters of inadequacy, ambiguity, inequity and the like for consideration and possible corrective action. It appears no such presentations were made during the initial effective period provided by the Order establishing the schedule, but out of an abundance of caution by Order of March 3, 1979, the same schedule was continued in force only until May 30, 1980. No complaints or requests for corrective action concerning the fee schedule being received during the second interim period, by Order entered August 5, 1980, the fee schedule was made effective retroactively to May 30, 1980, and prospectively until such time as the schedule might be altered by future Order. As of this date, no subsequent Order concerning the fee schedule has been entered.

The foregoing background has been related to show the circumstances under which the present fee schedule for Commissioners of Accounts was arrived at, and also to respond to the assumption stated in one of the communica-

tions herein of the fiduciary that the schedule was adopted "ex parte," leaving the implication. that thus allowing the Commissioners in Chancery to establish their own fees through Court Order was rather like giving a fox the keys to the hen house door with option to choose which plump fowl he would have for his dinner.

The fiduciary has filed his sixth annual accounting in order that the latter may state and settle them and report thereon to the Court as provided by § 26-17. The schedule of approved fees for filing fiduciary accounts with a Commissioner is set on a descending scale of percentages as the amount of money involved increases. This schedule, however, only mentions the percentages and the size of the monetary brackets to which they respectively apply. This schedule is silent as to what items set forth in the account are used in computing the monetary value to which the various percentages are applied. The Commissioner contends that his fee should be computed on the basis of items of principal and income set forth in the account. The fiduciary, on the other hand, contends that the computation should be made only on income items and not on principal items shown in the accounting.

Both the Commissioner and the fiduciary have disagreed as to the nature and extent of the responsibilities of the Commissioner in making settlement of accounts. The Commissioner claims more expanded responsibilities and cites them as a basis for interpreting the fee schedule to allow the higher fee claimed by him in stating and settling fiduciary accounts. The fiduciary argues that the responsibilities of the Commissioner in settling fiduciary accounts are quite substantially less than the Commissioner says, and hence cites these diminished responsibilities as a basis for construing the schedule to allow fees at the lower rate, i.e., as a percentage of income only rather than as a percentage of income and principal stated in the account.

While the amount of responsibility, time and effort required of the Commissioner of Accounts in performing his duties with respect to fiduciary accounts is manifestly relevant to the fees with which he is compensated for his work, yet the Court feels that this particular contest is not one appropriate in which to make a ruling as to what are and what are not the duties of a Commissioner

of Accounts in the circumstances of this matter for that inquiry is only tangentially and not directly involved in this dispute.

It appears to the Court that the more appropriate construction of the fee schedule as it applies in the present situation is to relate it to the statutory provisions on annual settlement of fiduciaries' accounts. The statute involved is § 26-17, which in part states:

> A statement of all money and other property which any [fiduciary] *has received, or become chargeable with*, or has disbursed, within one year from the date of the order conferring his authority, or from the date of the trust or within any succeeding year, together with the vouchers for the disbursements, and a statement of cash on hand or in bank and all investments held at the terminal date of the account, shall, within four months after the end of every such year, be exhibited by him before the commissioner of accounts . . . as the commissioner shall state, settle and report to the court an account of the transactions of such fiduciary, as provided by law. Every such fiduciary shall also, at the request of the commissioner to whom he is required to exhibit the foregoing statements, exhibit to the commissioner the securities held by him together with a statement of every bank in which cash is held at the terminal date of the account . . . . (Emphasis added.)

Based on this statute and what the practice in this Circuit has been heretofore, it is the opinion of the Court that the sum to which the percentage scale of fees should apply in the annual settlement of fiduciary accounts is the total of the income items. Essentially it is these items which the fiduciary "has received, or become chargeable with" during the year; and he has in some other fashion at some earlier time become chargeable with principal items. It does not seem to the Court that the schedule of fees for annual settlement of accounts contemplated repeated and continuing charges of fees on the principal of an estate over a possible long number of years or even

perpetually. This leads to the conclusion, therefore, that such annual accounting fees are applicable only to items of income received or as to which the fiduciary has become chargeable during an accounting year.

The Court informed the parties that it would confer with the other Judges of the Circuit prior to reaching decision in this matter. That procedure was followed and views were solicited from and discussion had with the other Judges of the Circuit, which procedure is entirely proper under Canon 5c of the Canons of Judicial Conduct for the Commonwealth of Virginia. By way of caveat, however, it should be noted that despite consultation with the other Judges the decision of this Court in this matter is solely the opinion of the undersigned Judge, and the other Judges of the Circuit are in no way responsible for or in any way bound by the opinion. Our law makes no provision for the Judges of a Circuit to sit or render decision en banc.